IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT SCHMIDT,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

No. C 06-04378 CRB

**ORDER**

On July 9, 2005, Robert Schmidt ("Petitioner") pled guilty to one count of maintaining or managing a premises used for the purpose of manufacturing, distributing, or using controlled substances. Now pending before the Court is a habeas petition filed pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the petition is hereby DENIED.

**BACKGROUND**

Petitioner owned and operated a facility in Sebastapol, California, where he grew marijuana. His business, known as Genesis 1:29, was engaged in the dispensation of marijuana for medical purposes. Yet it is undisputed in this case that Petitioner complied with neither California nor federal law to obtain permission to distribute such controlled substances. DEA agents searched the Sebastapol facility, seized several thousand marijuana plants, and charged Petitioner with violation of federal drug laws. Significantly, the initial

indictment alleged a violation of 21 U.S.C. § 841(a)(1), which would have entailed a mandatory minimum of more than ten years in prison due to the number of plants seized.

Petitioner subsequently pled guilty to a superseding indictment for a violation of 21 U.S.C. § 856(a)(1), a statute that relates not specifically to the manufacture, distribution, or dispensation of controlled substances, but instead to the maintenance or management of a facility where such activities take place.  As a result of the change in the crimes charged, Petitioner no longer faced a mandatory ten-year minimum sentence.  Instead, under the United States Sentencing Guidelines, he faced a term of imprisonment of between 70 and 87 months.

Sentencing ultimately took place following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).  At sentencing, and following extensive briefing on the applicable law, this Court reviewed the advisory guideline range, considered the sentencing factors set forth in 18 U.S.C. § 3553(a), and imposed a sentence of 41 months, which was well below the advisory range.  The government initially pursued an appeal of the sentence and then dismissed it.

As part of the plea agreement, Petitioner waived his right to appeal, as well as his right to pursue most forms of habeas relief.  The plea agreement provided: "I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated."  Notwithstanding this agreement, Petitioner filed the habeas petition currently pending before the Court.  He alleges that his attorney provided constitutionally deficient assistance for numerous reasons, most of which relate to the attorney's failure to raise various arguments about the constitutionality of the federal government's prosecution of growers of medical marijuana in California.

**DISCUSSION**

In his claim for habeas relief, Petitioner advances numerous arguments to support his claim that his conviction was obtained in violation of the Constitution.  In the petition itself, he does not clearly state whether these claims are independent, or whether they are all part

2

and parcel of an overriding claim for ineffective assistance of counsel. To the extent that he purports to present these arguments directly, they are barred for two reasons. First, they are barred because of the plea agreement Petitioner signed, in which he waived the right to bring them under the federal habeas statute. Defendant does not contend that his plea was unknowing or involuntary, and he is therefore bound by his agreement to waive habeas relief on all possible claims except ineffective assistance of counsel. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). Second, they are barred because Petitioner did not present these arguments to the district court in the first instance. When a defendant fails to raise arguments before a district court or on direct appeal, such arguments are procedurally defaulted and may not be raised in habeas proceedings. See Bousley v. United States, 523 U.S. 614, 621-22 (1998).

Petitioner attempts to circumvent these restrictions on the scope of habeas proceedings by incorporating all of his arguments into a single claim for ineffective assistance of counsel. He argues that his prosecution would have been thwarted or, in the alternative, that he would have received more favorable terms under his plea bargain, if his attorney had raised the arguments he sets forth in his habeas petition. In other words, he contends that his 41-month sentence was less favorable than the result he would have obtained if his attorney had raised all of the arguments he now raises in his habeas petition, and that his attorney's performance therefore violated his right to effective assistance of counsel under the Sixth and Fourteenth Amendments.

Petitioner's contentions are without merit. To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate (1) that his attorney's performance "fell below an objective standard of reasonableness," and (2) that his attorney's errors were "prejudicial," meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 692, 694 (1984). In reviewing the attorney's performance, a court must bear in mind that "[t]here are countless ways to provide effective assistance in any given case," and the court "must indulge a strong presumption that

3

counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Here, Petitioner cannot demonstrate prejudice. In short, Petitioner would not have been able to prevail on any of the arguments he now advances, even if his attorney had raised them (which, in the case of some arguments, he did).

First, Petitioner argues that his attorney was ineffective for failing to argue for a more lenient sentence pursuant to the Supreme Court's decision in Booker, which rendered the federal sentencing guidelines advisory. The problem with this argument is that its premise is simply incorrect. His attorney *did* raise arguments under Booker, and indeed, this Court accepted those arguments and imposed a sentence well below the advisory range. Petitioner cannot suffer prejudice from his attorney's failure to raise an argument when the argument was actually made.

Second, Petitioner contends that his attorney was ineffective for failing to argue that the facts underlying the sentence had not been found beyond a reasonable doubt. In support of this argument, Petitioner again cites Booker, as well as Blakely v. Washington, 542 U.S. 296 (2004), in which the Supreme Court first extended the rationale of Apprendi v. New Jersey, 530 U.S. 466 (2000), beyond criminal statutes and to criminal sentencing guidelines. The problem with this argument is that the standard of proof emphasized in all of those cases is irrelevant where, as here, the defendant admits all of the facts pertaining to his conviction and his sentence. See Booker, 543 U.S. at 244 (holding that any fact "necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be *admitted by the defendant* or proved to a jury beyond a reasonable doubt" (emphasis added)). Here, in his plea bargain and plea colloquy, Petitioner admitted all of the facts necessary to support the sentence imposed on him, as well as the facts necessary to support the advisory guideline range applicable to his case. Indeed, Petitioner has not even attempted to identify any fact necessary to his sentence that was not

4

encompassed by his admissions. Therefore, Petitioner could not have suffered prejudice as a result of his attorney's failure to raise an argument about the applicable standard of review.

Finally, Petitioner argues that his attorney provided ineffective assistance when he failed to raise certain arguments about the constitutionality of his prosecution. Specifically, he contends that the Tenth Amendment protects California's authority to regulate and authorize the manufacture, distribution, and use of medicinal marijuana, especially in light of the states' traditional power to regulate the health, safety, and welfare of its citizens, and in view of the oft-repeated mantra that the states serve as "laboratories" for social and legal experimentation. Because the Tenth Amendment protects California's right to authorize the use of medical marijuana, Petitioner argues, the federal prosecution of him under the Controlled Substances Act violates his right to due process under the Fifth Amendment. In other words, Petitioner is attempting to assert a right under the Due Process Clause vicariously on behalf of the State of California, whose power under the Tenth Amendment, he claims, has been unconstitutionally invaded and circumscribed by federal authorities.

This argument is foreclosed by the Supreme Court's decision in Gonzales v. Raich, 545 U.S. 1 (2005). The question in Raich was whether the authority granted to the federal government under the Commerce Clause "includes the power to prohibit the local cultivation and use of marijuana in compliance with California law." Id. at 5. The Court upheld the exercise of federal power. Id. at 9 ("The CSA is a valid exercise of federal power, even as applied to the troubling facts of this case."). Just as the exercise of federal authority was permissible in the case of the local growers and patients in Raich, so too does the Commerce Clause confer power on the federal government to prosecute Petitioner under the Controlled Substances Act in this case.

Petitioner's Tenth Amendment argument is the same as that of the respondents in Raich, only viewed through the looking-glass. The Tenth Amendment states that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people." U.S. CONST. amend. X. In other words, whatever sovereign power the Constitution does not affirmatively confer on the

5

1  federal government, it leaves to the States.  In Raich, however, the Supreme Court held that
2  the Constitution grants the federal government authority to regulate, prohibit, and prosecute
3  the production or use of even locally grown marijuana used exclusively for medical
4  purposes.  Because Raich holds that this power is affirmatively given to the federal
5  government by the United States Constitution, it also holds, *a fortiori*, that this power is not
6  reserved to the states under the Tenth Amendment.

7  Finally, even if Petitioner could prevail on any of his claims and thereby could
8  demonstrate prejudice by his attorney's failure to raise them, the Court holds that he still
9  would not be entitled to habeas relief.  This is because the Court must consider all of these
10 arguments through the prism of a claim for ineffective assistance of counsel.  Here, the Court
11 is unable to find that defense counsel's performance "fell below an objective standard of
12 reasonableness," even though he failed to raise the additional arguments now presented by
13 Petitioner.  Strickland, 466 U.S. at 688.  In any given case, myriad outcomes are possible.
14 An attorney's performance is not constitutionally deficient if he fails to secure the best
15 possible outcome that the law permits, and he is not required to raise every conceivable
16 creative argument that might be advanced on behalf of his client, especially if the arguments
17 are of dubious merit, as the ones now presented by Petitioner are. Instead, as the Supreme
18 Court noted in Strickland, a court's retrospective investigation into "the variety of
19 circumstances faced by defense counsel or the range of legitimate decisions regarding how
20 best to represent a criminal defendant" runs the risk of "interfer[ing] with the constitutionally
21 protected independence of counsel and restrict[ing] the wide latitude counsel must have in
22 making tactical decisions."  466 U.S. 688.  Here, the Court holds that defense counsel's
23 choices about which motions and arguments to pursue in conjunction with Petitioner's
24 defense, which choices were made all in the context of plea negotiations with the
25 government, were reasonable under "prevailing professional norms."  Id.  Thus, the Court
26 concludes that Petitioner is unable to meet either the reasonableness or prejudice elements of
27 the Strickland test, and that habeas relief is unwarranted on his claim for ineffective
28 assistance of counsel.

"Habeas review is an extraordinary remedy and '"will not be allowed to do service for an appeal."'" Bousley, 523 U.S. at 621 (quoting Reed v. Farley, 512 U.S. 339, 354 (1994) (quoting Sunal v. Large, 332 U.S. 174, 178 (1947))). "Indeed, 'the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.'" Id. (quoting United States v. Timmreck, 441 U.S. 780, 784 (1979)). Here, the arguments raised by Petitioner essentially serve to litigate issues never presented in the first instance, by a criminal defendant who pled guilty, and who further agreed to relinquish his rights to appeal and to habeas relief.  The Court holds that the arguments presented in his habease petition not only would have been unlikely to affect the outcome of the case, but that it was not unreasonable for defense counsel to fail to present them.  For the foregoing reasons, Petitioner's claim for habeas relief under 28 U.S.C. § 2255 is DENIED.

**IT IS SO ORDERED.**

Dated:  December 18, 2006

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\4378\Order 2.wpd           7